UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Senn Freight Lines, Inc., | ) | |
| Plaintiff, | ) | Civil Action No: |
| vs. | ) | |
| | ) | **NOTICE OF REMOVAL** |
| Southwest Marine and General Insurance Company, | ) | |
| Defendant. | ) | |

Defendant Southwest Marine and General Insurance Company (hereinafter "Southwest" or "Defendant"), by and through counsel, files this Notice of Removal to the United States District Court for the District of South Carolina, Greenwood Division, pursuant to 28 U.S.C. §§ 1331, 1337, 1352, 1367, 1441, and 1446.

Southwest would respectfully show this Honorable Court:

1.    This action was filed by the Plaintiff, Senn Freight Lines, Inc ("Senn" or "Plaintiff"), in the Magistrate Court for Newberry County, South Carolina, and assigned case number 2016CV3610101067. Senn is proceeding *pro se* in this matter. A copy of the Summons, Complaint, and exhibits to the Complaint are attached as Defendant's Exhibit A.

2.    Southwest was served with the summons and complaint through the South Carolina Department of Insurance on September 12, 2016. A copy of the notice of service of process on Southwest is included with Exhibit A.

3.    Senn is a corporation organized and existing under the laws of South Carolina.

4.    Southwest is a corporation organized and existing under the laws of Arizona with its principal place of business in a state other than South Carolina.

5. In the Complaint, Plaintiff asserts a claim against a Broker's Surety Bond it alleges Southwest issued under 49 U.S.C. § 13906(b) to Joe Tex, Inc.

6. This case is removable to the United States District Court for the District of South Carolina, Greenwood Division, pursuant to 28 U.S.C. § 1441(a), as this Court has original jurisdiction over this action under 28 U.S.C. §§ 1331, 1337, and 1352.

7. This Court has original jurisdiction pursuant to 28 U.S.C. § 1352 because Plaintiff's claim against the Broker's Surety Bond under 49 U.S.C. § 13906(b) is an action on a bond executed under a law of the United States.

8. This Court also has original jurisdiction over this action under 28 U.S.C. § 1337(a), which states that "[t]he district courts shall have original jurisdiction of any civil action or proceeding arising under any Act of Congress regulating commerce or protecting trade and commerce against restraints and monopolies: *Provided, however*, That the district courts shall have original jurisdiction of an action brought under section 11706 or 14706 of title 49, only if the matter in controversy for each receipt or bill of lading exceeds $10,000, exclusive of interest and costs." Senn's action is not pursuant to 49 U.S.C. §§ 11706 or 14706 so the $10,000 amount in controversy requirement is not applicable. Plaintiff's cause of action seeking to recover under a Broker's Surety Bond issued pursuant to 49 U.S.C. § 13906(b) arises under an Act of Congress regulating commerce. See Milan Express Co. v. W. Sur. Co., 886 F.2d 783, 787-88 (6th Cir. 1989).

9. In addition, this Court has original jurisdiction under 28 U.S.C. § 1331, as Plaintiff's cause of action seeking to recover under the Broker's Surety Bond issued pursuant to 49 U.S.C. § 13906(b) arises under the laws of the United States.

10. Pursuant to 28 U.S.C. § 1367(a), this Court has supplemental jurisdiction over any state law causes of action Senn is asserting, as any such state law claims are so related to its claim under 49 U.S.C. § 13906(b) that they form part of the same case or controversy. Alternatively, federal law, including Title 49 of the United States Code, preempts any such state law claims.

11. Southwest is filing a copy of this Notice of Removal with the Magistrate Court for Newberry County, South Carolina, and serving counsel for Plaintiff with a copy.

WHEREFORE, Southwest prays this Court accept this Notice of Removal and that this Court take jurisdiction of this case and all further proceedings in this case in the Magistrate Court for Newberry County, South Carolina, be stayed.

    Respectfully submitted,
    COLLINS & LACY, P.C.

By: *s/Christopher M. Huber*
    Christopher M. Huber, Esquire
    Fed. ID#: 11898
    chuber@collinsandlacy.com
    R. Scott Wallinger, Jr., Esquire
    Fed. ID#: 5868
    swallinger@collinsandlacy.com
    Post Office Box 12487
    Columbia, SC  29211
    803.256.2660

    ATTORNEYS FOR SOUTHWEST
    MARINE AND GENERAL INSURANCE
    COMPANY

Columbia, South Carolina
October 12, 2016

## CERTIFICATE OF SERVICE

The undersigned does hereby certify that on the October 12, 2016, the following named individual(s) were served with a copy of the within pleading via electronic mail and/or by the ECF notification system and/or by mailing a copy of same to said person(s) via the United States Postal Service with sufficient postage affixed thereto and return address clearly marked.

                COLLINS & LACY, P.C.

By:   /s/ Christopher M. Huber
       CHRISTOPHER M. HUBER
       Federal I.D. No. 11898

**PERSONS SERVED:**

Senn Freight Lines, Inc.
Post Office Box 1191
Newberry, South Carolina 29108
*Pro Se Plaintiff*


Newberry Central Traffic Court
3239 Louis Rich Drive
Newberry, SC 29108


**PLEADING:**        NOTICE OF REMOVAL